IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Zhuhai ShengChang Electric Co., Ltd., <br><br> Plaintiff, <br><br> vs. <br><br> Zhuhai DEMI Technology Co. Ltd., <br> Shenzhenyoudianzikejiyouxiangongsi, <br> B4U, <br> Lucky Road Home Décor, <br> Simplego, <br> Vevor, <br> VEMIXO, <br> Noobibaba NA, <br> ShenZhen Sujin E-Commerce Co., Ltd., <br> Cheopha NA, <br> Brothers LED Co., <br> Shenzhenjuyoumikejiyouxiangongsi, <br> Electrosmart, <br> Shenzhenzanyaxinnengyuankejiyouxiangongsi, <br> Shenzhenquanchezhinengkejiyouxiangongsi, <br> Inexaccessories, <br> Focarado, and <br> WOWiViD-US, <br><br> Defendants. | CASE NO. _____ <br> JUDGE _____ <br><br> VERIFIED COMPLAINT |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Zhuhai ShengChang Electric Co., Ltd. ("Plaintiff" or "SC"), by and through its

undersigned counsel, for its Complaint against Defendants Zhuhai DEMI Technology Co. Ltd.

("DEMI"), Shenzhenyoudianzikejiyouxiangongsi ("Shenzhen You"), B4U, Lucky Road Home

Décor, Simplego, Vevor, VEMIXO, Noobibaba NA ("Noobibaba"), ShenZhen Sujin E-

Commerce Co., Ltd. ("ShenZhen Sujin"), Cheopha NA ("Cheopha"), Brothers LED Co.

("Brothers LED"), Shenzhenjuyoumikejiyouxiangongsi ("Shenzhen Juyou"), Electrosmart,

Shenzhenzanyaxinnengyuankejiyouxiangongsi ("Shenzhen Zanya"),

Shenzhenquanchezhinengkejiyouxiangongsi ("Shenzhen Quanche"), Inexaccessories, Focarado, and WOWiViD-US, (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq., arising from Defendants' unauthorized making, using, selling, offering for sale, and/or importing products that infringe one or more claims of the following United States Patents owned by Plaintiff:

    a. U.S. Patent No. 9,661,710 ("the '710 Patent"), titled "Dimmer Holding Current Control Circuit for Phase Cut Dimming Power Supply," issued May 23, 2017;

    b. U.S. Patent No. 9,942,959 ("the '959 Patent"), titled "Phase-Cut Dimmable Power Supply with Wide Input Voltage," issued April 10, 2018;

    c. U.S. Patent No. 9,961,724 ("the '724 Patent"), titled "Phase-Cut Dimmable Power Supply with High Power Factor," issued May 1, 2018.

    d. U.S. Patent No. 10,039,167 ("the '167 Patent"), titled "Phase-Cut Dimming Circuit with Wide Input Voltage," issued July 31, 2018; and

    e. U.S. Patent No. 11,723,164 ("the '164 Patent"), titled "Convenient Power Supply Box for Quick Parameter Adjustment," issued August 8, 2023.

## THE PARTIES

## PLAINTIFF

2.  SC is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at: 2F/ 3 Block, No.19 Yongtian Rd, Qianshan Industrial Zone, Xiangzhou District, Zhuhai City, Guangdong Province, China.

3. Founded in 2009, SC specializes in research and development and manufacturing of dimmable LED drivers, non-dimmable LED drivers and LED controllers for commercial and residential lighting systems.

4. LED stands for "light-emitting diode," which is a semiconductor device that produces light when an electric current passes through it. LED lights are the most energy-efficient and long-lasting lighting technology available and are available in various forms, including bulbs, strips, and panel lights, offering diverse options for any lighting need.

5. LED drivers and controllers are electrical devices that control the amount of electrical current that passes through the diode so that the light(s) remain steady and do not flicker.

6. After years of effort, research and innovation, SC has gained a competitive strength and edge in the field of dimmable LED drivers and has become a leader in the industry by offering LED drivers with the widest range voltage inputs, wattages and a full line drivers along with the most authoritative certificates in the field dimmable LED drivers, which include TRIAC/phase-cut dimming, 0/1-10V dimming, DALI dimming, push dimming, DMX512 dimming, and ZigBee/Bluetooth/Wi-Fi wireless dimming.

7. SC's product range covers 8W-1800W dimmable drivers, supporting protocols such as DALI-2, D4i, TRIAC, 0/1-10V, DMX512, and wireless series and are certified by among others UL, cUL, ETL, cETL, FCC, ENEC, TUV- CE, CB, SAA, CCC, RoHS, and are widely applied in outdoor, industrial, commercial, and residential lighting projects.

8. SC's dimmable and non-dimmable LED drivers have been recognized in the market for their advanced reliability, ease of use and wide applicability with its LED drivers being used in many projects for government and industry such as Beijing YanQi Lake APEC/G20 Villa, Shanghai International Convention Center (the banquet of CICA Summit), Shanghai Sheraton

Hotel, Changsha Wanda Plaza, Shunde Marriott Hotel, Marina Bay Sands Singapore and Four Seasons Hotel Amman.

9. With their high quality, smooth linear dimming, high compatibility and other advantages, SC's dimmable drivers have been well received by customers all over the world.

10. SC's products have been exported to numerous oversea markets such as North America, Europe, Australia, Southeast Asia, and South America.

11. SC's advanced manufacturing equipment, including JUKI-Hi-speed mountings, Suneast wave soldering, AOI test device and others, provide high capacity allowing it to produce up to 600,000 pieces of product per month.

**DEFENDANTS**

12. Upon information and belief, Defendant DEMI is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at: Room 206, 2nd Floor, Building 2, No. 619, Huawei Road, Qianshan Industrial Park, Xiangzhou District, Zhuhai, Guangdong Province. Upon information and belief, DEMI is the manufacturer of the infringing devices offered for sale and sold on Amazon.com online by DEMI, Shenzhen You, B4U, Lucky Road Home Décor, Simplego, Vevor, VEMIXO, Noobibaba, ShenZhen Sujin, Cheopha, Brothers LED, Shenzhen Juyou, Electrosmart, Shenzhen Zanya, Shenzhen Quanche, Inexaccessories, Focarado, and WOWiViD-US.

13. Upon information and belief, Defendant Shenzhen You is a seller on Amazon.com with a listed address at No. 303, Xitou Industrial Zone, Shangfen Community, Minzhi Street, Longhua District, Shenzhen City, Guangdong Province, 518100, China.

14. Upon information and belief, Defendant B4U is listed as manufacturer on Amazon.com for Defendant Shenzhen You. After diligent attempts to identify Defendant B4U, Plaintiff has been unable to identify the structure or location of Defendant B4U.

15. Upon information and belief, Defendant Lucky Road Home Décor is a seller on Amazon.com with a listed address at No. 26, Baijiao South Road, Building 3, Unit 1301, Fangbaijian Town, Doumen District, Zhuhai, Guangdong Province, 519125, China.

16. Upon information and belief, Defendant Simplego is a seller on Amazon.com with a listed address at Niuji Town, Qiaocheng District, No. 20, Zhaoyangzhuang Village, Dawang Administrative Village, Bozhou City, Anhui Province, 236800, China.

17. Upon information and belief, Defendant VEMIXO is a seller on Amazon.com with a listed address at Niuji Town, Qiaocheng District, No. 26, Zhaoyangzhuang Village, Dawang Administrative Village, Bozhou City, Anhui Province, 236800, China.

18. Upon information and belief, Defendant Vevor is a seller and is listed as a manufacturer on Amazon.com for Defendant Simplego and Defendant VEMIXO. After diligent attempt to identify Defendant Vevor, Plaintiff has been unable to identify the structure or location of Defendant Vevor.

19. Upon information and belief, Defendant Noobibaba is a seller on Amazon.com with a listed address at No. 16 Longsheng Road, Longxin Community, Baolong Street, Longgang District, 403A, E-Commerce Building, Shenzhen City, Guangdong, 518116, China.

20. Upon information and belief, Defendant Shenzhen Sujin is listed as a manufacturer on Amazon.com for Defendant Noobibaba. After diligent attempt to identify Defendant Shenzhen Sujin, Plaintiff has been unable to identify the structure or location of Defendant ShenZhen Sujin.

21. Upon information and belief, Defendant Cheopha is a seller on Amazon.com with a listed address at No. 466, Vanke Langrun Garden, Baosheng Avenue, Huixing, Building 10, Unit 7-6, Chongqing City, Yubei District, Chongqing, 400000, China.

22. Upon information and belief, Defendant Brothers LED is listed as a manufacturer on Amazon.com for Defendant Cheopha. After diligent attempts to identify Defendant Brothers LED, Plaintiff has been unable to identify the structure or location of Defendant Brothers LED.

23. Upon information and belief, Defendant Shenzhen Juyou is a seller on Amazon.com with a listed address at 206A-2, Shengtang Commercial Building, Intersection of Xitou Industrial Zone West Road and Qinfen Road, Shangfen Community, Minzhi Subdistrict, Longhua District, Shenzhen City, Guangdong, 518000, China.

24. Upon information and belief, Defendant Shenzhen Zanya is a seller on Amazon.com with a listed address at Room 405, Building 3, Xitou Industrial Zone, Shangfen Community, Minzhi Subdistrict, Longhua District, Shenzhen City, Guangdong, 518100, China.

25. Upon information and belief, Defendant Electrosmart is listed as a manufacturer on Amazon.com for Defendant Shenzhen Juyou and Defendant Shenzhen Zanya. After diligent attempts to identify Defendant Electrosmart, Plaintiff has been unable to identify the structure or location of Defendant Electrosmart.

26. Upon information and belief, Defendant Shenzhen Quanche is a seller on Amazon.com with a listed address at Room 709, Shangdang Commercial Building, at the intersection of Gongye West Road and Qinfen Road, Shangfen Community, Minzhi Subdistrict, Shenzhen, Longhua, Guangdong Province, 518131, China.

27. Upon information and belief, Defendant Focarado is a seller on Amazon.com with a listed address at Room 206-1, Shangdang Commercial Building, at the intersection of Gongye

West Road and Qinfen Road, Shangfen Community, Minzhi Subdistrict, Shenzhen, Longhua, Guangdong Province, 518131, China.

28.  Upon information and belief, Defendant WOWiViD-US is a seller on Amazon.com with a listed address at Room 303, Building 3, Tongle Zhihui Park, Xitou Industrial Zone, Shenzhen, Longhua, Guangdong Province, 518131, China.

29.  Upon information and belief, Defendant Inexaccessories is listed as a Manufacturer on Amazon.com for Defendant Shenzhen Quanche, Defendant Forcardo and Defendant WOWiViD-US.  After diligent attempts to identify Defendant Inexaccessories, Plaintiff has been unable to identify the structure or location of Defendant Inexaccessories.

## JURISDICTION AND VENUE

28.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

29.  This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in this District, regularly conduct business in this District, and/or have purposefully availed themselves of the privileges of conducting business in this District.

30.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendants are not residents of the United States and have committed acts of infringement in this Judicial District.

## JOINDER

31.  Joinder under 35 U.S.C § 299 is proper because SC's right to relief is asserted against the Defendants jointly, severally, and because SC's claims against Defendants arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused products.  Upon

information and belief, Defendants are working together and acting in concert in making and offering for sale the accused products on Amazon.com. Defendant DEMI is the manufacturer of all the infringing products offered for sale on Amazon.com by itself and the other co-defendants that are identified below.

## FACTUAL ALLEGATIONS

32. SC is the owner by assignment of all right, title, and interest in and to the '710, '164, '959, '724, and '167 Patents (collectively, the "Asserted Patents"). The Asserted Patents are Attached respectively as Exhibits A, B, C, D, and E and are incorporated in full herein by reference.

33. The Asserted Patents are valid and enforceable.

34. Defendants working in concert have created numerous internet Stores on Amazon.com with an intent to have them appear to be independent stores and manufacturers making, offering to sell and selling Dimmable LED Drivers, while in reality they are alter egos of each other and confederates making, offering to sell and selling infringing, unauthorized, and unlicensed knock-off Dimmable LED Drivers to unsuspecting consumers in the United States and in this Judicial District.

35. SC's Dimmable LED Drivers covered by the Asserted Patents include the following which Defendants have copied and are making, offering for sale and selling in this Judicial District:

a. 180W-192W-288W-384W-0-10V-Dimmable-Led-Driver-Supply-CV-12V-24V-36V-48V-for-Separated-Junction-Box-D-800-8002-30-Watt-Triac-0-10V-



b. 2-30-Watt-Triac-0-10V-Dimmable-LED-Driver-CV-High-Voltage-800-800



c. 10-Watt-20-Watt-40-Watt-60-Watt-Constant-Current-0-10V-Dimming-LED-Power-Supply-for-Ceiling-Lights-800-800



d. 3-30W-600W-Triac-0-10V-Tunable-Waterproof-LED-Drivers-CV-with-Junction-Box



e. 30W-600W-Triac-Dimmable-LED-Power-Supplies-CV-with-Junction-Box-800-800



36. Defendants share similar packaging and circuit designs that infringe SC Electric's patented technologies, establishing a relationship between them and showing that Defendants' infringing operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

37. Defendants attempt to avoid liability by concealing both their identities and the full scope and interworking of their infringing operations by using different names and identities.

38. Defendants have, without authorization, made, used, sold, offered for sale, and/or imported into the United States and this Judicial District dimmable LED drivers, including but not limited to the following drivers that infringe one or more claims of the Asserted Patents:

    a.   DEMI, Shenzhen You, and B4U



Dimmable LED Driver 24V 120W, 5-1 LE...
Sold by Shenzhenyoudianzikejiyouxiangongsi
Condition: New

b. Lucky Road Home Décor



Acraft 24V Dimmable LED Driver 96W,...

Sold by Lucky Road Home Décor

Condition: New

c. Focarado



24v 60w Dimmable LED Driver, 5-1 LED...

Sold by Focarado

Condition: New

d.   Inexaccessories, Shenzhen Quanche



**36W 24V Dimmable LED Driver, 5 in 1...**
Sold by Shenzhenquanchezhinengkejiyouxiangongsi
Condition: New

e.   Inexaccessories, WOWiViD-US



**36W 24V Dimmable LED Driver, 5 in 1...**
Sold by WOWiViD-US
Condition: New

39.  Defendants market and offer for sale the foregoing Dimmable LED Drivers at various

online storefronts at Amazon.com.

40. Plaintiff purchased twelve Dimmable LED Drivers online at Defendants' Amazon.com storefronts. Attached as Exhibit F and incorporated in full herein by reference is a spreadsheet showing among other things the store name, the purchase link, a representative product offering, the store address, the listed manufacturer, a photo of the product offered for sale and purchased in this Judicial District and photos of the front and back of the each of the twelve printed circuit boards.

41. Defendants shipped the devices in Exhibit F into this Judicial District.

42. Plaintiffs' engineers reversed-engineered and created circuit diagrams that fairly and accurately depict the circuitry of each of the Dimmable LED Drivers in Exhibit F, all of which have the same or substantially equivalent circuitry. A true and correct copy of the reverse-engineered circuit diagrams of the twelve Dimmable LED Drivers purchased and depicted in Exhibit F is attached as Exhibit G and is incorporated in full by reference herein.

43. The twelve infringing products contain one of four different printed circuit boards ("PCB's"), manufactured by DEMI, which printed circuit boards are substantially equivalent:

    a. Exhibit G, Figure 1, is the reverse-engineered schematic diagram of the electrical circuit for the dimmable LED drivers in Exhibit F lines 10, 11, and 12 manufactured by DEMI.

    b. Exhibit G, Figure 2 depicts the reverse-engineered schematic diagram of the electrical circuit for the dimmable LED drivers in Exhibit F lines 1, 3, 4, 5, 8, and 9 manufactured by DEMI.

    c. Exhibit G, Figure 3 depicts the reverse-engineered schematic diagram of the electrical circuit for the dimmable LED drivers in Exhibit F line 2 manufactured by DEMI.

    d.  Exhibit G, Figure 4 depicts the reverse-engineered schematic diagram of the electrical circuit for the dimmable LED drivers in Exhibit F lines 6 and 7 manufactured by DEMI.

44. Plaintiffs' engineers examined and tested the operation of the dimmable LED drivers in Exhibit F and found that each of the twelve dimmable LED Driver met all the limitations of at least one claim of the Asserted Patents. Claim Charts comparing each of the twelve dimmable LED drivers to at least one claim of the Asserted Patents are attached as Exhibits H-L and are incorporated in full herein by reference.

45. Defendants' infringing activities have occurred and continue to occur within this District and elsewhere in the United States.

46. Plaintiff has provided Defendants with notice of infringement pursuant to 35 U.S.C. § 287.

## COUNT I – INFRINGEMENT OF THE '710 PATENT (AGAINST DEMI, SHENZHEN QUANCHE, FOCARADO, WOWIVID-US AND INEXACCESSORIES)

47. Plaintiff incorporates by reference the allegations of paragraphs 1–46 as if fully set forth herein.

48. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '710 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

49. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen Quanche, Focarado, WOWiViD-US and Inexaccessories meet every limitation of claim 1 as set forth in Exhibit H.

## COUNT II – INFRINGEMENT OF THE '167 PATENT (AGAINST DEMI, SHENZHEN QUANCHE, FOCARADO, WOWIVID-US, AND INEXACCESSORIES)

50. Plaintiff incorporates by reference the allegations of paragraphs 1–49 as if fully set forth herein.

51. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '167 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

52. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen Quanche, Focarado, WOWiViD-US, and Inexaccessories meet every limitation of claim 4 as set forth in Exhibit I.

## COUNT III – INFRINGEMENT OF THE '724 PATENT (AGAINST DEMI, SHENZHEN QUANCHE, FOCARADO, WOWIVID-US, AND INEXACCESSORIES)

53. Plaintiff incorporates by reference the allegations of paragraphs 1–52 as if fully set forth herein.

54. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '724 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

55. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen Quanche, Focarado, WOWiViD-US, and Inexaccessories meet every limitation of claim 1 as set forth in Exhibit J.

## COUNT IV – INFRINGEMENT OF THE '959 PATENT (AGAINST DEMI, SHENZHEN QUANCHE, FOCARADO, WOWIVID-US, AND INEXACCESSORIES)

56. Plaintiff incorporates by reference the allegations of paragraphs 1–55 as if fully set forth herein.

57. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '959 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

58. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen Quanche, Focarado, WOWiViD-US, and Inexaccessories meet every limitation of claim 4 as set forth in Exhibit K.

## COUNT V – INFRINGEMENT OF THE '710 PATENT (AGAINST DEMI, SHENZHEN YOU, SIMPLEGO, VEMIXO, SHENZHEN JUEYING, SHENZHEN ZHIYAN, B4U, VEVOR, AND ELECTROSMART)

59. Plaintiff incorporates by reference the allegations of paragraphs 1–58 as if fully set forth herein.

60. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '710 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

61. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen You, Simplego, VEMIXO, Shenzhen Jueying, Shenzhen Zhihan, B4U, Vevor, and Electrosmart meet every limitation of claim 1 as set forth in Exhibit H.

## COUNT VI – INFRINGEMENT OF THE '167 PATENT (AGAINST DEMI, SHENZHEN YOU, SIMPLEGO, VEMIXO, SHENZHEN JUEYING, SHENZHEN ZHIYAN, B4U, VEVOR, AND ELECTROSMART)

62. Plaintiff incorporates by reference the allegations of paragraphs 1–61 as if fully set forth herein.

63. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '167 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

64. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen You, Simplego, VEMIXO, Shenzhen Jueying, Shenzhen Zhihan, B4U, Vevor, and Electrosmart meet every limitation of claim 4 as set forth in Exhibit I.

## COUNT VII – INFRINGEMENT OF THE '724 PATENT (AGAINST DEMI, SHENZHEN YOU, SIMPLEGO, VEMIXO, SHENZHEN JUEYING, SHENZHEN ZHIYAN, B4U, VEVOR, AND ELECTROSMART)

65. Plaintiff incorporates by reference the allegations of paragraphs 1–64 as if fully set forth herein.

66. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '724 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

67. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen You, Simplego, VEMIXO, Shenzhen Jueying, Shenzhen Zhihan, B4U, Vevor, and Electrosmart meet every limitation of claim 1 as set forth in Exhibit J.

## COUNT VIII – INFRINGEMENT OF THE '959 PATENT (AGAINST DEMI, SHENZHEN YOU, SIMPLEGO, VEMIXO, SHENZHEN JUEYING, SHENZHEN ZHIYAN, B4U, VEVOR, AND ELECTROSMART)

68. Plaintiff incorporates by reference the allegations of paragraphs 1–67 as if fully set forth herein.

69. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '959 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

70. The accused products manufactured by DEMI and offered for sale and sold by Shenzhen You, Simplego, VEMIXO, Shenzhen Jueying, Shenzhen Zhihan, B4U, Vevor, and Electrosmart meet every limitation of claim 4 as set forth in Exhibit K.

## COUNT IX – INFRINGEMENT OF THE '710 PATENT (AGAINST DEMI AND LUCKY ROAD HOME DÉCOR)

71. Plaintiff incorporates by reference the allegations of paragraphs 1–70 as if fully set forth herein.

72. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '710 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

73. The accused products manufactured by DEMI and offered for sale and sold by Lucky Road Home Décor meet every limitation of claim 1 as set forth in Exhibit H.

## COUNT X – INFRINGEMENT OF THE '167 PATENT (AGAINST DEMI AND LUCKY ROAD HOME DÉCOR)

74. Plaintiff incorporates by reference the allegations of paragraphs 1–73 as if fully set forth herein.

75. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '167 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

76. The accused products manufactured by DEMI and offered for sale and sold by Lucky Road Home Décor meet every limitation of claim 4 as set forth in Exhibit I.

## COUNT XI – INFRINGEMENT OF THE '724 PATENT (AGAINST DEMI AND LUCKY ROAD HOME DÉCOR)

77. Plaintiff incorporates by reference the allegations of paragraphs 1–76 as if fully set forth herein.

78. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '724 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

79. The accused products manufactured by DEMI and offered for sale and sold by Lucky Road Home Décor meet every limitation of claim 1 as set forth in Exhibit J.

## COUNT XII – INFRINGEMENT OF THE '959 PATENT (AGAINST DEMI AND LUCKY ROAD HOME DÉCOR)

80. Plaintiff incorporates by reference the allegations of paragraphs 1–79 as if fully set forth herein.

81. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '959 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

82. The accused products manufactured by DEMI and offered for sale and sold by Lucky Road Home Décor meet every limitation of claim 4 as set forth in Exhibit K.

## COUNT XIII – INFRINGEMENT OF THE '710 PATENT (AGAINST DEMI, NOOBIBABA NA, CHEOPHA NA, SHENZHEN SUJIN E-COMMERCE CO. LTD., AND BROTHERS LED CO.)

83. Plaintiff incorporates by reference the allegations of paragraphs 1–82 as if fully set forth herein.

84. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '710 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

85. The accused products manufactured by DEMI and offered for sale and sold by Noobibaba NA, Cheopha NA, and Brothers LED Co. meet every limitation of claim 1 as set forth in Exhibit H.

## COUNT XIV – INFRINGEMENT OF THE '167 PATENT (AGAINST DEMI NOOBIBABA NA, CHEOPHA NA, SHENZHEN SUJIN E-COMMERCE CO. LTD., AND BROTHERS LED CO.)

86. Plaintiff incorporates by reference the allegations of paragraphs 1–85 as if fully set forth herein.

87. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '167 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

88. The accused products manufactured by DEMI and offered for sale and sold by Noobibaba NA, Cheopha NA, and Brothers LED Co. meet every limitation of claim 4 as set forth in Exhibit I.

## COUNT XV – INFRINGEMENT OF THE '724 PATENT (AGAINST DEMI, NOOBIBABA NA, CHEOPHA NA, SHENZHEN SUJIN E-COMMERCE CO. LTD., AND BROTHERS LED CO.)

89. Plaintiff incorporates by reference the allegations of paragraphs 1–88 as if fully set forth herein.

90. Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '724 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

91. The accused products manufactured by DEMI and offered for sale and sold by Noobibaba NA, Cheopha NA, and Brothers LED Co. meet every limitation of claim 1 as set forth in Exhibit J.

## COUNT XVI – INFRINGEMENT OF THE '959 PATENT (AGAINST DEMI, NOOBIBABA NA, CHEOPHA NA, SHENZHEN SUJIN E-COMMERCE CO. LTD., AND BROTHERS LED CO.)

92. Plaintiff incorporates by reference the allegations of paragraphs 1–91 as if fully set forth herein.

93. Defendants have infringed and continue to infringe one or more claims, including claim 4 of the '959 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

94. The accused products manufactured by DEMI and offered for sale and sold by Noobibaba NA, Cheopha NA, and Brothers LED Co. meet every limitation of claim 4 as set forth in Exhibit K.

## COUNT XVII – INFRINGEMENT OF THE '164 PATENT (AGAINST DEMI AND LUCKY ROAD HOME DÉCOR)

95. Plaintiff incorporates by reference the allegations of paragraphs 1–94 as if fully set forth herein.

96.  Defendants have infringed and continue to infringe one or more claims, including claim 1 of the '164 Patent by making, using, selling, offering for sale, and/or importing products that embody the patented invention, in violation of 35 U.S.C. § 271.

97.  The accused products manufactured by DEMI and offered for sale and sold by Lucky Road Home Décor meet every limitation of claim 1 as set forth in Exhibit L.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A.  Declaring that Defendants have infringed the Asserted Patents;

B.  Awarding Plaintiff damages adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty, together with interest and costs;

C.  Awarding enhanced damages for willful infringement pursuant to 35 U.S.C. § 284;

D.  Awarding Plaintiff its attorneys' fees pursuant to 35 U.S.C. § 285;

E.  Granting a preliminary and permanent injunction enjoining Defendants from further infringement of the Asserted Patents;

F.  Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: December 12, 2025            Respectfully submitted,

By:   *s/Ricardo Meza*
         Ricardo Meza
         Meza Law
         55 E. Monroe Street, Ste. 3250
         Chicago, IL 60603
         (312) 802-0336
         rmeza@meza.law
         www.meza.law

         RJ Zayed
         zayed.rj@dorsey.com
         John Beaty (pro hac vice)
         beaty.john@dorsey.com
         Dorsey & Whitney LLP
         50 South Sixth Street, Suite 1500
         Minneapolis, MN 55402
         Telephone:  (612) 340-2600
         Facsimile:  (612) 340-2868

         Hui Shen (pro hac vice)
         shen.hui@dorsey.com
         Dorsey & Whitney LLP
         1401 New York Avenue NW, Suite 900
         Washington, D.C. 20005
         Telephone:  (202) 442-3000

## **VERIFICATION**

I verify under penalty of perjury under the laws of the United States of America that the foregoing factual allegations are true and correct.

Executed on December 12 , 2025

By: ___Xian yun Zhao (R&D Director)___
    Signature (Title)